Dennis MARKS, Plaintiff—Appellant,

v.

AMERICAN AIRLINES, INC., a corporation doing business in California, Defendant—Appellee.

No. 07–55717.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Feb. 26, 2009.

Benjamin S. Cardozo, Esquire, Marina Del Rey, CA, Parnell Kirby, Law Offices of Parnell Kirby, Santa Monica, CA, Norman Pine, Esquire, Pine & Pine, Sherman Oaks, CA, for Plaintiff–Appellant.

Robert Jon Hendricks, Esquire, Larry M. Lawrence, Esquire, Morgan Lewis & Bockius, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON, HALL and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Dennis Marks ("Marks") appeals both the district court's denial of his *ex parte* application to compel depositions and its decision to grant American Airlines's (AA)

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion for summary judgment, while denying Marks's cross-motion for summary judgment. The parties are familiar with the facts of this case, and we repeat them only to the extent necessary to understand our disposition. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's rulings.

■ Marks applied *ex parte* to continue the discovery cut-off and compel the depositions of AA's California representative and its Human Resources Director. The district court denied the request. The court had already given Marks an earlier extension of the discovery cut-off date, even though he had failed to notice the depositions prior to the original cut-off date. He then waited until the last day by which the court had ordered that all discovery motions be filed *and heard* to request a second extension. Moreover, Marks failed to show why another extension was needed. *See* Fed.R.Civ.P. 6(b)(1). We thus affirm the court's discretionary decision. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir.2004).

We also uphold both the court's decision to grant AA's motion for summary judgment on the employment discrimination and emotional distress claims, and its denial of Marks's cross-motion for summary judgment on those same claims.

■ In alleging discrimination under California's Fair Employment and Housing Act ("FEHA"), Marks attempted to have his cake and eat it, too. For years, he sought to avoid California income tax liability (and enjoy the absence of that same liability in Florida) by claiming to be a Florida resident to the California Franchise Tax Board. However, when he wanted the protection of California employment law, he changed his tune, saying he had been a California resident all along. The district court did not abuse its discretion to find that judicial estoppel prevented him "from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597, 600 (9th Cir. 1996); *see also Estate of Ashman v. C.I.R.,* 231 F.3d 541 (9th Cir.2000) (applying a duty of consistency where a taxpayer takes one position in a tax return, and later takes an inconsistent position before the court). Because Marks is estopped from asserting that he was a California resident when the alleged discriminatory acts took place, the conduct in this case—the crucial elements of which occurred in Texas—is not governed by FEHA. *See Campbell v. Arco Marine, Inc.,* 42 Cal.App.4th 1850, 50 Cal.Rptr.2d 626, 633 (1996).

As to Marks's emotional distress claims, we address only the intentional infliction of emotional distress ("IIED") claim, since the other was waived. *See Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929–30 (9th Cir.2003). Here, as the district court concluded, there was simply no evidence of the outrageous conduct required to support an IIED claim. *See Hailey v. Cal. Physicians' Serv.,* 158 Cal. App.4th 452, 69 Cal.Rptr.3d 789, 806 (2007); *see also Janken v. GM Hughes Elecs.,* 46 Cal.App.4th 55, 53 Cal.Rptr.2d 741, 756 (1996) ("Managing personnel is not outrageous conduct. . . .").

For these reasons, we AFFIRM the district court's rulings on both Marks's *ex parte* application and on the parties' motions for summary judgment.